*Formatted for Electronic Distribution*                                                                                        *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

In re:

DONALD R. CHAMPOLI and
CATHERINE CHAMPOLI,                                            Chapter 7 Case
                      Debtors.                                                           # 05-12605
_____

LEE CHAMPOL, as Trustee of the
Ann C. Schiff Trust dated June 20,
2001, and as Conservator                                                  Adversary Proceeding
of the Estate of Ann C. Shiff                                             # 06-1024
                      Plaintiff,
    v.

DONALD R. CHAMPOLI,
                      Defendant.
_____

Filed & Entered
On Docket
08/11/06

*Appearances:*       *Bernard M. Lewis, Esq.*                  *Carl D. Hanson, Esq.*
                          *Randolph, Vt.*                                   *Claremont, N.H.*
                          *For the Plaintiff*                                 *For the Defendant*

## MEMORANDUM OF DECISION
### DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      Lee Champol, in his capacities as successor Trustee of the Ann C. Schiff Trust Dated June 20, 2001 (the "Trust") and as the Conservator of the Estate of Ann C. Shiff (the "Plaintiff") commenced the above-referenced adversary proceeding against Donald R. Champoli (the "Debtor") alleging that certain acts of the Debtor during his tenure as the original trustee of the Trust constitute grounds, under §523(a)(4), for excepting from discharge the Debtor's obligations to the Trust. The Plaintiff has moved for summary judgment (doc. # 17). For the following reasons, the Court finds that there are material facts in dispute and therefore denies the Plaintiff's motion for summary judgment.

### JURISDICTION

      The Court has jurisdiction over this adversary proceeding and the motion for summary judgment under 28 U.S.C. § 157(b)(1). It is undisputed that the adversary proceeding constitutes a core proceeding.

### SUMMARY JUDGMENT STANDARD

      Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier

of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991).

## DISCUSSION

Pursuant to §523(a)(4), debts arising in connection with "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny" are not dischargeable in bankruptcy. The Plaintiff and the Debtor agree that when the Debtor served as the original trustee to the Trust he was serving as a fiduciary. That is nearly the extent of the Parties' agreement in this matter. Although the Debtor's response does not directly coincide with the Plaintiff's Statement of Undisputed Fact, it is clear that the Debtor disputes that he committed larceny, embezzlement, or fraud in his capacity as trustee.

There is no one precise meaning of defalcation. In re Twitchell, 72 B.R. 431, 434 (Bankr. D. Utah 1987) ("The term 'defalcation'….does not have a precise definition and no legislative history or comment exists to aid the interpretation."), rev'd, 91 B.R. 961 (D. Utah 1988), rev'd, 892 F.2d 86 (10th Cir. 1989). As one court has recognized:

> The language of the statute indicates that the terms "fraud," "defalcation," "embezzlement" and "larceny" are of coequal rank and express the main subject matter of this exception to discharge. "Fraud" means "actual fraud," and "embezzlement" and "larceny" both require evil intent comparable to criminal *mens rea.* Under such circumstances, the rule of *ejusdem generis* suggests that "defalcation" should be construed to mean something comparable to "actual fraud," "embezzlement" and "larceny"-requiring some sort of "moral dereliction" and not including "innocent defaults," But the courts have done just the opposite: they have given "defalcation" a broader construction than other terms under § 523(a)(4), so that even wholly innocent defaults by fiduciaries may be excepted from discharge.

In re Turner, 134 B.R. 646, 658 (Bankr. N.D. Okl. 1991)[internal citations omitted].

Even though innocent defaults may be sufficient for a "defalcation," the Debtor disputes that he defaulted, in any way, on his fiduciary obligations. Additionally, although the Debtor was unable to complete portions of his accounting in pending state court litigation due to the complete destruction of his Florida home by hurricane Charlie in August 2004, he disputes all of the Plaintiff's allegations, asserts

2

that no court has ruled on the sufficiency or accuracy of his accounting, and disputes the Plaintiff's claimed amount in controversy. Hence, genuine issues of material fact remain, precluding summary judgment. These facts are material to the issue of whether the Debtor breached a fiduciary duty and to whether he committed larceny, embezzlement, or fraud in a fiduciary capacity.

## CONCLUSION

Based upon the foregoing, the Court finds that there are material facts in dispute, and therefore, denies the Plaintiff's motion for summary judgment.

This constitutes the Court's findings of fact and conclusions of law. A separate order accompanies this memorandum setting forth the Court's directions for proceeding to trial.

August 10, 2006                                                                Colleen A. Brown
Rutland, Vermont                                                               United States Bankruptcy Judge